# EXHIBIT 2

FILED: 7/8/2021 3:08 PM
David Trantham
Denton County District Clerk
By: Raquel Gonzalez, Deputy

Case No. ___21-5786-158

| | | |
|---|---|---|
| **FRANK PIERSON,** | § | **IN THE DISTRICT COURT** |
| **PLAINTIFF,** | § | |
| | § | |
| | § | |
| **V.** | § | **___ JUDICIAL DISTRICT** |
| | § | |
| **SALLY BEAUTY SUPPLY, LLC,** | § | |
| **AND/OR** | § | |
| **SALLY BEAUTY HOLDINGS,** | § | **DENTON COUNTY, TEXAS** |
| **INC., d/b/a SALLY BEAUTY** | § | |
| **SUPPLY,** | § | |
| **DEFENDANT.** | § | |

## PLAINTIFF'S ORIGINAL PETITION

To the Honorable Judge of said Court:

Comes now Plaintiff, Frank Pierson, by and through his attorney or record, and files this

his Original Petition, stating as follows:

### DISCOVERY AND JURY REQUEST

1.      Plaintiff seeks more than $100,000 through this action. Plaintiff respectfully

requests that discovery in this action proceed under Level 2.

2.      Plaintiff Requests a trial by jury of all disputed legal issues and related facts and

determination by the Court on all issues of equity and related facts.

### THE PARTIES

3.      Plaintiff Frank Pierson ("Plaintiff" or "Pierson") is a citizen and resident of Texas,

residing in the City of Denton, Denton County, Texas.

4.      Defendants Sally Beauty Supply, LLC and/or Sally Beauty Holdings, Inc., d/b/a

Sally Beauty Supply (collectively "Defendant" or "Sally Beauty"), are each incorporated in the

State of Delaware and headquartered in Denton, Texas.

**PLAINTIFF'S ORIGINAL PETITION - Page  1 of 7**

**App. 003**

5.      Plaintiff's agent for service of process is:

Corporate Creations Network Inc.
5444 Westheimer #1000
Houston, Texas 77056

## JURISDICTION AND VENUE

6.      Subject matter jurisdiction of this Court exists because the dispute is above the minimum jurisdiction of the Court and this is the Texas court of general jurisdiction that includes employment disputes.

7.      The Court has personal jurisdiction over the Defendant in that Sally Beauty intentionally set up a presence in Texas and knowingly subjected itself to the jurisdiction of the State of Texas by employing the Plaintiff to sell its products and services from his office in Denton, Texas.

8.      Venue is proper in this court as the Plaintiff worked in the Denton County portion of Denton, Texas, and was employed and terminated from that Denton, Texas location, and thus all or a substantial part of the events or omissions giving rise to the claim occurred in Denton County. *See Tex. Civ. Prac. & Rem. Code* §§15.002 (a) (1).

## THE FACTS

9.      On the date of his wrongful termination, Frank Pierson was a 63-year-old male who had worked for Defendant for thirty-four (34) years.

10.     For decades, Pierson ran and maintained Defendant's proprietary DOS based POS software system. Upon Defendant's decision to move to Oracle's Micro POS system in early 2020, Pierson had been maintaining his prior duties and, at the request of Sally Beauty, learning the Micro POS System as well.

**PLAINTIFF'S ORIGINAL PETITION - Page  2 of 7**

11.     On October 18, 2019, Plaintiff was suddenly informed that his position was subject to a job elimination in a so-called reorganization or RIF. He was immediately terminated and, despite 34-years of loyal service, was summarily escorted out of the building.

12.     Upon his termination, Pierson was making a salary of $87,000 per year.

13.     Plaintiff's job performance was never in question and believes Defendant's alleged reorganization or RIF was a pretext to eliminate him as an older employee and replace him with someone younger.

14.     Under the Older Workers Benefit Protection Act, Sally Beauty was required to provide Pierson and other employees also over the age of 40 specific information related to the reorganization or RIF, including the ages and titles of all persons who were considered for elimination and the ages and titles of those who were actually terminated. Upon information and belief, this information was never provided.

15.     All conditions precedent to filing this action's ADEA claim have been satisfied. The Plaintiff has already requested and received a right to sue letter regarding his Texas Labor Code causes of action on the 180th day after the filing of his claim with the EEOC. At that time, the age discrimination claims under the Texas Labor Code with have satisfied all conditions precedent and will ripen without need of amendment to this action.

16.     An employer who eliminates an employee through a reorganization or reduction-in-force is not insulated from liability for age discrimination or other employment discrimination. The employer's process of selecting which employees to lay off and which employees to retain may be subject to statistical scrutiny to show age discrimination. *See E.E.O.C.*

*v. Manville Sales Corp.*, 27 F.3d 1089, 1098 (5th Cir. 1994). Sally Beauty used the reorganization to terminate employees based on age and not on merit or other proper motives.

## CAUSES OF ACTION

### COUNT I
### AGE DISCRIMINATION (DISPARATE TREATMENT)

17.     Plaintiff incorporates paragraphs 1-16 above as if herein stated.

18.     The conduct of Defendant Sally Beauty in terminating Pierson constitutes disparate treatment age discrimination under the Age Discrimination in Employment Act. 42 U.S.C. §§ 6101 *et. seq.*

19.     Additionally or alternatively, the conduct of Defendant establishes a prima facie case of disparate treatment age discrimination in that: (a) Pierson was over the age of 60 and thus within the protected age group; (b) he was adversely affected by the employer's decision[s] in that he was terminated; (c) he or she was qualified for the position from which he was fired and/or to assume another position at the time of discharge; and (d)(i) evidence from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue; (ii) the Defendant consciously refused to consider retaining or relocating Plaintiff because of his age, and/or (iii) the Defendant regarded age as a negative factor in considered consideration.

20.     Even if the Defendant might otherwise seek to rebut the presumption of discrimination created by Plaintiff's prima facie case by providing a legitimate non-age-related basis for the termination, such as the reorganization or Reduction in Force ("RIF") in which Pierson was terminated, the mere existence of facts to show that a reorganization or RIF was initially justified is insufficient to prevent a valid age claim. Plaintiff asserts that any presumption of this particular reorgs legitimacy is negated by: (1) evidence that shows the purported reorganization or RIF was merely a sham and nothing more than a pretext for age discrimination,

and/or (2) the reorganization or RIF, while legitimate on its face, was implemented in such a way that age is impermissibly used as a factor in determining which employees are terminated. *Utley v. MCI, Inc.,* No. 3:05–CV–0046–K, 2008 WL 836419, at \*3 (N.D. Tex. Mar. 24, 2008) (citing, *inter alia, Patrick v. Ridge,* 394 F.3d 311, 317 (5th Cir. 2004).

21.     The Defendant's conduct was committed knowingly and/or with malice. Accordingly, exemplary damages are proper under the ADEA.

22.     Due to Pierson's wrongful termination based on disparate treatment age discrimination, he has suffered direct and consequential legal damages and/or equitable harm, including loss of wages and benefits, mental anguish, and loss of enjoyment of life, liquidated damages, exemplary damages, attorney fees and costs of court, and other damages and/or harm, for which Pierson seeks judgment.

## COUNT II
## AGE DISCRIMINATION (DISPARATE IMPACT)

23.     Plaintiff incorporates paragraphs 1-16 above as if herein stated.

24.     Count II is pleaded in the alternative to Count I.

25.     The conduct of Defendant in terminating Pierson constitutes disparate impact age discrimination under the Age Discrimination in Employment Act. 42 U.S.C. §§ 6101 *et. seq.*

26.     Additionally, or alternatively, the conduct of Defendant Sally Beauty in conducting its reorganization or RIF constitutes a prima facie case of disparate impact age discrimination in that, upon information and belief, (a) the reorganization or RIF process itself[1] (or upon information and belief, some particular element of the reorganization or RIF process), constitutes a facially

---

[1]     At the initial point, the identified practice is the reorganization or RIF itself. Upon information and belief, discovery may establish a more particular element if the reorganization or RIF process, that although facially neutral, was the cause of the age-based disparity. This necessarily requires discovery of the tools and processes used by Sally Beauty, if any, that were used to determine who was chosen for termination and who was not.

<u>**PLAINTIFF'S ORIGINAL PETITION - Page  5 of 7**</u>

neutral employment policy or practice in the process of selecting persons who would be reduced in force; (b) will be shown to have caused Pierson' termination through presenting "statistical evidence of a kind and degree sufficient" to show that (c) the practice caused Pierson's termination (d) disparately affected him as a worker forty years of age or older based on age. *See, e.g., Collins–Pearcy v. Mediterranean Shipping Co. (USA), Inc.,* 698 F.Supp.2d 730, 741–42 (S.D. Tex. 2010).

27.    Due to Pierson's wrongful termination based on disparate impact age discrimination, he has suffered direct and consequential legal damages and/or equitable harm, including loss of wages and benefits, mental anguish, and loss of enjoyment of life, liquidated damages, attorney fees and costs of court, and other damages and/or harm, for which Pierson seeks judgment.

**WHEREFORE,** Premises considered, Plaintiff respectfully requests that the Court enter Judgment against Defendant pursuant to the Federal Age Discrimination in Employment Act and the Texas Labor Code as follows:

1)    Backpay damages for lost wages and benefits in an amount proven to the jury from the date of termination until the time of trial, of not less than $75,000,

2)    Either reinstatement, or an equitable finding that reinstatement is not feasible with an award of equitable front pay and benefits by the Court as demonstrated to the Court for the period of time from trial moving forward;

3)    Liquidated damages as proven to the jury;

4)    Compensatory damages as proven to the jury;

5)    Exemplary damages as determined by the jury;

6)    Attorney fees under a Lodestar calculation as proven to the Court; and

**PLAINTIFF'S ORIGINAL PETITION - Page  6 of 7**

7)      For costs of court, pre-judgment and post-judgment interest, and all such other

relief in law or equity that the Court deems just and right.

RESPECTFULLY SUBMITTED,

/s/ Eric N. Roberson

Eric Roberson
State Bar No. 00792803
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, TX 75204
214-379-0817 Direct
214.969.9099
214.379.0843 Fax
ENR@KilgoreLaw.com
**ATTORNEY FOR PLAINTIFF**
**FRANK PIERSON**

AUG 0 4 2021